## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------x
STEVEN M. MIZEL, On Behalf    :
Of The Steven M. Mizel Roth IRA,    :
and PALMETTO PARTNERS LP,    :
          :
        Plaintiffs,    :
          :
    v.    :    Civil Action No.
          :
RONI DERSOVITZ, RD LEGAL    :
FUNDING PARTNERS L.P., and    :
RD LEGAL CAPITAL LLC,    :    JURY TRIAL DEMANDED
          :
        Defendants.    :
-------------------------------------------------x

## COMPLAINT

Plaintiffs, by their attorneys, allege as follows:

## INTRODUCTION

1.    This action arises from defendants' fraudulent failure to inform plaintiffs of information material to plaintiffs' contemplated purchase of limited partnership interests in RD Legal Funding Partners LP ("RDLFP"), specifically that RDLFP was currently experiencing liquidity problems and had suspended withdrawals. Defendants' conduct violated Section 10(b) ("Section 10(b)") of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78j(b), and Rule 10b-5 of the Securities and Exchange Commission ("SEC") prescribed thereunder, 17 C.F.R. §240.10b-5, and the California Corporations Code, and constitutes fraud entitling plaintiffs to relief under applicable state law.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §78aa, and 28 U.S.C. §1331.

3.    Venue in this case is proper in the District of Delaware pursuant to Section 15 U.S.C. §78aa, and 28 U.S.C. §139l(b) and (c).

4.    In connection with the acts, conduct and wrongs alleged in this Complaint, the defendants, directly and indirectly, used the means and instrumentalities of interstate commerce, including telephone communication and email.

## THE PARTIES

5.    Plaintiff Steven M. Mizel ("Mr. Mizel") is a citizen and resident of California.  He is the controlling person and primary beneficiary of The Steven M. Mizel Roth IRA ("IRA"), and makes all investment decisions for the IRA.

6.    Plaintiff Palmetto Partners LP ("Palmetto") is a Delaware limited partnership.  Mr. Mizel is the President of Palmetto's corporate general partner. Mr. Mizel conducts Palmetto's business, including making decisions for Palmetto with regard to investments and the initiation and conduct of litigation.  "Plaintiffs" refers to Mr. Mizel and Palmetto together.

7.    Defendant RDLFP is a Delaware limited partnership.  RD Legal Capital LLC ("RD Legal LLC"), a Delaware limited liability company, is RDLFP's General Partner.

2

8.    Roni Dersovitz, an attorney licensed to practice law in New York and New Jersey, is the principal and managing member of RD Legal LLC, and thereby the controlling person of RDLFP.

9.    The principal place of business of RDLFP, RD Legal LLC and Mr. Dersovitz is in New Jersey.

10.    RDLFP is an investment limited partnership which solicits from investors throughout the United States capital commitments in the minimum amount of $1 million per limited partnership interest, and invests the funds thereby raised in accounts receivable purchased at a discount from law firms and plaintiffs, and in loans and other capital provided to law firms.

## FACTS

11.    RDLFP's Limited Partnership Agreement ("Agreement") permits limited partners to withdraw all or a part of the balance in the limited partner's capital account in the manner and to the extent specified in the Agreement.

12.    Section 8.07 of the Agreement permits the General Partner, in its sole discretion, to suspend the right of limited partners to withdraw capital "during any period when:

> (a) There exists any state of affairs that constitutes a state of emergency or period of extreme volatility or illiquidity as a result of which (i) disposal of investments of the Partnership would not be reasonably practicable or cannot be completed in a timely fashion to meet withdrawal requirements and might seriously prejudice the Limited Partners or (ii) it is not reasonably practicable for the Partnership to determine fairly the value of its net assets; or

(b) There is a breakdown in the means of communication normally employed in determining the prices of a substantial part of the investments of the Partnership."

13.     In or about December, 2014, at Mr. Mizel's direction, the IRA and another entity Mr. Mizel controls had invested in RD Legal Special Opportunities Offshore Fund I, Ltd., ("RD Offshore") an entity with an investment thesis similar to RDLFP and which Mr. Dersovitz also manages.  In or about the latter half of April 2015, Mr. Mizel considered an investment in RDLFP.  He received by email a copy of the Agreement and a Confidential Private Offering Memorandum ("POM").  While in California, Mr. Mizel had telephone conversations with Mr. Dersovitz concerning the prospective investment.  Mr. Mizel also met with Mr. Dersovitz in Los Angeles, and met with an in-house RD Legal LLC attorney in an office RD Legal LLC maintains in Riverside, California.  Mr. Mizel decided that the IRA and Palmetto would each invest $1 million in RDLFP.  He and a custodian he engaged, Provident Trust Group ("Provident"), completed certain documents to facilitate the investment.

14.     On May 1, 2015, at Mr. Mizel's direction, $1 million was wired to RDLFP on behalf of the IRA.

15.     On May 4, 2015, at Mr. Mizel's direction, $1 million was wired to RDLFP on behalf of Palmetto.

16.     On or about June 1, 2015, *The Wall Street Journal* published an article about Mr. Dersovitz and RD Legal LLC ("WSJ Article").  Among other things, the WSJ Article reported that a fund managed by Mr. Dersovitz and RD

4

Legal LLC was experiencing liquidity problems, that earlier in 2015 the fund had suspended investor withdrawals, and that Mr. Dersovitz had sent a letter to investors dated April 30, 2015 stating that his firm could not provide its investors any assurance as to when redemption requests would be paid. The WSJ Article further reported that RD Legal LLC's valuation committee had increased the value of claims the fund had previously purchased which had allowed the fund to book gains on the investments ahead of any certainty as to the collection of the claims. According to the WSJ Article, this practice allowed RD Legal LLC to collect its share of profits and cash out ahead of investors, who had now been restricted from doing the same. The WSJ Article asserted that in 2014 RD Legal LLC's ownership had cashed out more than $11 million of their own gains, and that the onshore fund RD Legal LLC manages (which is RDLFP) had shortly thereafter begun telling investors that it did not have sufficient money to satisfy redemption requests.

17.     Prior to the WSJ Article, neither Mr. Mizel nor Provident was aware that RDLFP had current liquidity problems and had suspended withdrawals, and neither had received the letter the WSJ Article described. The POM, which was dated June 2013, did not mention any current liquidity problems or suspension of withdrawals. In their telephone conversations and meeting, Mr. Dersovitz had not told Mr. Mizel that RDLFP had current liquidity problems and had suspended withdrawals. The RD Legal LLC attorney with whom Mr. Mizel met also did not convey this information.

18.     The day after publication of the WSJ Article, on June 2, 2015, Mr. Mizel requested from RDLFP the April 30, 2015 letter the WSJ Article mentioned. In response, RDLFP provided two letters signed by Mr. Dersovitz.

19.     One of the letters, which was undated, stated that RDLFP had insufficient liquidity to fully satisfy redemption requests with an effective date of March 30, 2015, and that withdrawals would be suspended "because it would not be reasonably practicable to dispose of the Fund's assets in a timely fashion to fully satisfy redemptions without prejudicing other investors."

20.     The other letter was dated May 29, 2015, referred to a prior letter "dated April 30, 2015" (which apparently was the undated letter described in Paragraph 19), and stated that approximately 45% of the redemption requests effective on March 31, 2015 had been satisfied and the remainder of such redemption requests would be satisfied over an unspecified period of time "by distributing assets into a liquidating account. . . ."  With regard to redemption requests received after March 31, 2015, the May letter said the General Partner "presently expects to continue the liquidating account process to satisfy redemptions."

21.     On June 9, 2015, Mr. Mizel sent Mr. Dersovitz an email demanding return of the IRA's and Palmetto's investments in RDLFP.  Mr. Dersovitz replied by email that he would "waive the hard lock of the year" and instruct his staff to place Mr. Mizel's request "in redemption que."

22.   By email dated June 15, 2015, RDLFP requested certain documentation from Palmetto and the IRA, in order to complete the investment process.  To date, Mr. Mizel has not responded to this email.

## COUNT I
### (Against All Defendants For Violation Of Section 10(b) Of The Exchange Act And SEC Rule 10b-5)

23.   Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 22 above.

24.   Defendants violated Section 10(b) of the Exchange Act and SEC Rule 10b-5 by employing a device, scheme or artifice to defraud; omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and engaging in acts, practices and a course of business that operated as a fraud or deceit upon Plaintiffs.

25.   If Mr. Mizel had known of RDLFP's current liquidity problems and/or suspension of withdrawals, he would not have authorized the IRA's and Palmetto's conveyance of funds to RDLFP.

26.   Defendants' wrongful conduct fraudulently induced Plaintiffs to convey funds to RDLFP for the purchase of limited partnership interests in RDLFP.

## COUNT II
### (Against RD Legal LLC And Dersovitz For Violation
### Of Section 20(a) Of The Exchange Act, 15 U.S.C. §78t(a))

27.     Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 26 above.

28.     RD Legal LLC and Mr. Dersovitz are the controlling persons of RDLFP within the meaning of Section 20(a) of the Exchange Act, 15 U.S.C. §79t(a).

29.     As set forth above, RDLFP violated Section 10(b) and Rule 10b-5 by the acts and omissions alleged.  By virtue of their controlling positions, RD Legal LLC and Mr. Dersovitz are liable pursuant to Section 20(a) of the Exchange Act.

## COUNT III
### (Against All Defendants For Misrepresentation)

30.     Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 22 above.

31.     Defendants fraudulently induced Mr. Mizel to effect the Plaintiffs' conveyance of funds to RDLFP by failing to disclose that RDLFP had current liquidity problems and had suspended withdrawals.

32.     Defendants knew:

a.      that disclosure of RDLFP's current liquidity problems and/or suspension of withdrawals was necessary to prevent assertions in the POM from being misrepresentations;

8

b.      that disclosure of  RDLFP's current liquidity problems and/or suspension of withdrawals would correct Mr. Mizel's mistake as to a basic assumption on which he was making the investment, and non-disclosure of RDLFP's current liquidity problems and suspension of withdrawals amounts to a failure to act in good faith and in accordance with reasonable standards of fair dealing;

c.      that disclosure of RDLFP's current liquidity problems and/or suspension of withdrawals would correct Mr. Mizel's mistake as to the contents or effects of the POM; and

d.      through the prior investments in RD Offshore, a relation of trust and confidence existence between Mr. Mizel and defendants.

33.      If Mr. Mizel had known of RDLFP's current liquidity problems and/or suspension of withdrawals, he would not have authorized the IRA's and Palmetto's conveyance of funds to RDLFP.

34.      Plaintiffs are entitled to rescission of any agreement(s) with Defendants and restitution of their money from Defendants.

## COUNT IV
### (Against All Defendants For Fraud)

35.      Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 22 above by reference.

36.      Defendants fraudulently induced Mr. Mizel to effect the Plaintiffs' conveyance of funds to RDLFP by failing to disclose the RDLFP had current

liquidity problems and had suspended withdrawals. Defendants knew that disclosure of those facts likely would cause Mr. Mizel not to proceed with investments in RDLFP.

37.     Defendants were under a duty to exercise reasonable care to disclose RDLFP's current liquidity problems and suspension of withdrawals to Mr. Mizel because:

(a)     Mr. Mizel was entitled to know those facts as a result of the relationship of trust and confidence between him and defendants result from the prior investment in RD Offshore;

(b)     they knew such disclosure to be necessary to prevent prior statements from being misleading; and

(c)     those facts were basic to the transaction and Defendants knew that Mr. Mizel was under a mistake as to such facts, and that Mr. Mizel, would reasonably expect disclosure of those facts.

38.     If Mr. Mizel had known of RDLFP's current liquidity problems and/or suspension of withdrawals, he would not have authorized the IRA's and Palmetto's conveyance of funds to RDLFP.

39.     Plaintiffs are entitled to all losses and damages sustained as a result of Defendants' fraud, and to exemplary damages for Defendants' conduct in the circumstances.

## COUNT V
### (Against RDLFP For Failure Of Agreement)

40.     Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 22 above by reference.

41.     Execution of the documents referenced in Paragraph 22 above is necessary to complete the Plaintiffs' investments in RDLFP and for Plaintiffs' admission as limited partners of RDLFP.

42.     Defendants have not provided Plaintiffs or Provident with copies of relevant documents countersigned by or on behalf of RDLFP.

43.     Absent full execution of the documents, there is no agreement between and among Plaintiffs and RDLFP.

44.     The IRA and Palmetto have not been admitted as limited partners in RDLFP.

45.     The IRA and Palmetto are entitled to a return of their money and a declaration that they are not limited partners of RDLFP.

## COUNT VI
### (Against RDLFP For Rescission Pursuant To
### California Corporations Code §§ 25401 and 25501)

46.     Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 22 above.

47.     An investment in RDLFP is an investment in a security as defined in California Corporations Code §25019.

48.     As of May 1, 2015, RDLFP was experiencing liquidity problems, and had suspended withdrawals.   Defendants failed to inform Plaintiffs of the current liquidity problems and suspension of withdrawals prior to conveyance of Plaintiffs' funds.

49.     If Mr. Mizel had known of RDLFP's current liquidity problems and/or suspension of withdrawals, he would not have authorized the IRA's and Palmetto's conveyance of funds to RDLFP.

50.     Defendants offered and sold a security by omitting to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading.

51.     The IRA and Palmetto hereby tender any and all interests they may have in RDLFP.

52.     Defendants violated California Corporations Code §25401.  Pursuant to California Corporations Code §25501, Plaintiffs are entitled to recover $1 million each with interest thereon.

**WHEREFORE**, Plaintiffs demand relief as follows:

A.     rescission of any agreements they may have entered into with RDLFP;

B.     an order requiring RDLFP to return the IRA's and Palmetto's funds with interest thereon;

C.     a declaration that the IRA and Palmetto are not limited partners in RDLFP;

D.    damages for all losses sustained;

E.    exemplary damages;

F.    costs and expenses of this action, including attorneys' and experts'

fees and expenses; and

G.    such other and further relief as is just and proper in the premises.

## JURY TRIAL DEMAND

Plaintiffs request trial by jury on all issues so triable.


ROSENTHAL MONHAIT & GODDESS, P.A.


Norman M. Monhait (#1040)
919 Market Street, Suite 1401
Citizens Bank Center
Wilmington, Delaware  19801
(302) 656-4433
nmonhait@rmgglaw.com

*Attorneys for Plaintiffs*


August 21, 2015

13